# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-1707V**
**Filed: March 15, 2019**
UNPUBLISHED

|  |  |
|---|---|
| LEE R. CAMPBELL, M.D., | |
| Petitioner, | |
| v. | Special Processing Unit (SPU); Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Dustin Francis Fregiato, Ladendorf Law, Indianapolis, IN, for petitioner.*
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On December 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on November 3, 2014. Petition at 1-2. On June 1, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 27.

On November 29, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 32. Petitioner requests attorneys' fees in the amount of $12,490.80 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $2,178.65.  *Id.* at 2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $12,490.80.

On December 10, 2018, respondent filed a response to petitioner's motion.  ECF No. 33.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

II.     **Discussion**

    A.  Hourly Rates

        1.  Dustin Fregiato, Esq.

Petitioner requests compensation for attorney Dustin Fregiato at the rate of $300 per hour.  ECF No. 32 at 1.  The undersigned finds the requested rates excessive based on his overall legal experience and his lack of experience in the Vaccine Program.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2018 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

Mr. Fregiato was barred in Indiana in 2012, placing him in the range of attorneys with less than four years' experience for work performed in 2015 and 2016.  For work performed in 2017 and 2018 Mr. Fregiato is in the range of attorneys' with 4-7 years' experience. The OSM Attorneys' Forum Hourly Rate Schedules is as follows:

- Less than 4 years' experience (2015 & 2016) $150 - $225 per hour
- 4-7 years' experience (2017)  $ 230 - $307 per hour
- 4-7 years' experience (2018)  $ 238 - $317 per hour

Mr. Fregiato's requested rate of $300 per hour is outside the range for attorneys with his level of experience for work performed in  2015 and 2016.  Additionally, although the requested rate is within the range for work performed in 2017 and 2018, it is at the high end of the range .  Further, Mr. Fregiato lacks the practice experience to justify an hourly rate of $300 per hour.  Due to Mr. Fregiato' limited legal experience and inexperience in the Vaccine Program, the undersigned finds cause to reduce his requested hourly rate commensurate with his practice experience.  As such, Mr. Fregiato is awarded the following rates:

- $225 per hour for work performed in 2015
- $240 per hour for work performed in 2016
- $255 per hour for work performed in 2017
- $275 per hour for work performed in 2018

This results in a reduction of attorneys' fees requested in the amount of **$1,111.50[3]**.

### 2.  Paralegals

Petitioner is requesting an hourly rate of $132 for the paralegals that worked on this case. As this rate falls within the OSM Attorneys' Forum Hourly Rate Schedules ranges for paralegals, the undersigned finds the requested rate appropriate for the paralegals and awards it herein.

### B.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 6 hours was billed by on tasks considered administrative including, opening the file, scanning, saving, filing, organizing the client file and mailing documents. Examples of these entries include[4]:

- August 5, 2015 (0.30 hrs) "Opening File in Case Management System and creating and organizing file"
- April 5, 2015 (0.50 hrs) "Filing"
- August 25, 2017 (0.20 hrs) "Received/Reviewed/Calendared Scheduling Order"
- December 18, 2017 (0.40 hrs "Records Scanned/Saved/Reviewed IU Health North Hospital"
- May 30, 2018 (0.70 hrs) Prepared & Delivered Shipment to Fed Ex – Settlement Docs to Ms. Collett

ECF No. 32-7 at 2-3.

The undersigned reduces the request for attorney fees by **$792.00[5]**, the total amount of the tasks considered administrative.

### III.   Attorney Costs

---

[3] This amount consists of ($300 - $225 = $75 x 2.7 hrs = $202.50) + ($300 - $240 = $60 x 8.9 hrs = $534.00) + ($300 - $255 = $45 x 7 = $315) + ($300 – 275 = $25 x 2.4 hrs = $60.00) = $1,111.50.

[4] These are merely examples and not an exhaustive list.

[5] This amount consists of 6 hrs x $132 = $792.00.

### A.  Incomplete Supporting Documentation

Petitioner requests reimbursement for attorney costs in the amount of $2,178.65. ECF No. 32 at 2.  On December 11, 2018, the undersigned filed a scheduling order requesting Mr. Fregiato submit any and all receipts, invoices, or other proof of payment for the requested costs.  ECF No. 34.  On December 17, 2018 counsel for petitioner, filed supporting documentation related to some, but not all, of the costs for which reimbursement is sought.  ECF No. 35.  A status conference was held with counsel for petitioner, counsel for respondent, OSM staff attorney Andrew Sterling and paralegal Jill Mertz. During the call Mr. Fregiato stated that he had no other documentation to provide to support his request for costs. Due to incomplete documentation the undersigned reduces the request for costs in the amount of **$539.12**, the total amount of the costs without supporting documentation.[6]

### B.  Non-Compensable Costs

The undersigned has also reviewed the costs submitted with petitioner's request and finds a reduction in the amount of costs to be awarded appropriate. Mr. Fregiato seeks reimbursement of $276.00 in costs associated with his admission to the United States Court of Federal Claims Bar Association.  which is a non-compensable cost. ECF 32-2 at 1.  *See Velting,* 1996 WL 937626, at *2, 4.  The undersigned reduces the cost request by **$276.00**.

## IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

### Attorney's Fees:

| | |
|---|---|
| Total Requested: | $12,490.80 |
| Less Rate Adjustment for Dustin F. Fregiato.    : | ($1,111.50) |
| Less Administrative Time: | ($   792.00) |
| Total Attorney's Fees: | $10,587.30 |

---

[6] The requested costs without supporting documentation include: September 3, 2015 – St. Vincent Hospital & Health PFS $20.00; September 22, 2015 – Healthport Urology of IN Carmel $46.00; September 22, 2015 – Healthport CHV North $54.25; September 22, 2015 – Healthport Cornerstone Fam Phys $51.75; September 22, 2015 – Healthport Joint Replacement Surgeons  $44.50; September 22, 2015 – Healthport CPN Business Office $22.00; November 10, 2015 - Express Scripts $75.00; December 4, 2015 – Healthport  balance due $0.25; May 2, 2016 – GRM Document Management OrthoIndy recs $29.86; May 25, 2016 - Healthport Cornerstone Fam Phys $49.50; June 14 2016 – Healthport IUHP Primary Care North  $22.00; Healthport – Cornerstone Fam Phys $171.06; and December 22, 2016 – GRM Document Management JWM Neurology recs $27.95.  ECF No 32-2 at 1-2.

**Attorney's Costs:**

| | |
|---|---|
| Total Requested: | $ 2,178.65 |
| Less Costs with no documentation: | ($   539.12) |
| Less Non-Compensable Costs: | ($   276.00) |
| Total Attorney's Costs: | $ 1,363.53 |

**Total Fees and Costs Awarded:**          **$ 11,950.83**

       **Accordingly, the undersigned awards the total of $11,950.83[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Dustin Fregiato.**

       The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.